J-S51016-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                                 :               PENNSYLVANIA

                         Appellee          :

                                       :

                       v.                :

                                       :

HEATH ZACHARY                :

                                       :

                  Appellant      :         No. 1999 MDA 2018

Appeal from the Judgment of Sentence Entered November 15, 2018
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s):  CP-22-CR-0004128-2017

BEFORE:  PANELLA, P.J., GANTMAN, P.J.E., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.E.:           **FILED OCTOBER 28, 2019**

Appellant, Heath Zachary, appeals from the judgment of sentence entered in the Dauphin County Court of Common Pleas, following his jury trial convictions for aggravated assault, conspiracy to commit aggravated assault, robbery, and conspiracy to commit robbery.[1]  We affirm.

In its opinion, the trial court fully and correctly sets forth the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them.

Appellant raises three issues for our review:

> WHETHER THE EVIDENCE WAS INSUFFICIENT TO PROVE APPELLANT GUILTY OF CONSPIRACY TO COMMIT AGGRAVATED ASSAULT AND CONSPIRACY TO COMMIT ROBBERY, AS THERE WAS INSUFFICIENT EVIDENCE TO

---

[1] 18 Pa.C.S.A. §§ 2702(a)(1), 903 (section 2702 related), 3701(a)(1), and 903 (section 3701 related), respectively.

PROVE THAT APPELLANT CONSPIRED WITH ANOTHER
PARTY TO ASSAULT AND ROB…VICTIM[?]

WHETHER THE EVIDENCE WAS INSUFFICIENT TO PROVE
THAT APPELLANT COMMITTED THE CRIME OF ROBBERY, IN
THAT THE EVIDENCE WAS CLEAR THAT ANOTHER,
UNIDENTIFIED INDIVIDUAL TOOK…VICTIM'S PROPERTY
AND THERE WAS INSUFFICIENT EVIDENCE PRESENTED
THAT APPELLANT ACTED AS AN ACCOMPLICE[?]

WHETHER THE EVIDENCE WAS INSUFFICIENT TO PROVE
BEYOND A REASONABLE DOUBT THAT APPELLANT WAS
GUILTY OF AGGRAVATED ASSAULT, IN THAT THE
COMMONWEALTH FAILED TO ESTABLISH THAT APPELLANT
ATTEMPTED TO CAUSE SERIOUS BODILY INJURY
TO…VICTIM[?]

(Appellant's Brief at 4).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Richard A. Lewis, P.J., we conclude Appellant's issues merit no relief. The trial court opinion comprehensively discusses and properly disposes of the questions presented. (*See* Trial Court Opinion, filed February 13, 2019, at 4-8) (finding: ample testimony showed Victim sustained serious bodily injury to her face; evidence indicated Appellant and his cohort targeted Victim at bar, followed her out of bar, assaulted her, and stole her purse; police apprehended Appellant at scene of assault, where Appellant was covered in blood; thus, evidence was sufficient to convict Appellant of aggravated assault and conspiracy to commit aggravated assault; further, Victim testified that while she was at bar with her purse, two men approached her; testimony indicated two eyewitnesses saw Appellant assaulting Victim, while other male took

- 2 -

Victim's purse and ran; thus, evidence was sufficient at trial to sustain Appellant's convictions for robbery and conspiracy to commit robbery). Accordingly, we affirm on the basis of the trial court opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/28/2019

Circulated 10/10/2019 10:22 AM    **ORIGINAL**

COMMONWEALTH OF PENNSYLVANIA    : IN THE COURT OF COMMON PLEAS
                                          : DAUPHIN COUNTY, PENNSYLVANIA
                                          :

                            vs.                    : NO. 4128 CR 2017
                                           :
                                           : CRIMINAL MATTER - APPEAL
HEATH ZACHARY                         :
                Defendant/Appellant      :

## MEMORANDUM OPINION

Presently before this Court is the Appeal filed in the above-captioned matter(s). This opinion is written pursuant to Pa.R.A.P. 1925(b).

## PROCEDURAL BACKGROUND

Following a jury trial held on September 25-26, 2018, Appellant was found guilty of Count 1 - aggravated assault, Count 2 - conspiracy to commit aggravated assault, Count 3 - robbery, and Count 4 - conspiracy to commit robbery.[1] On November 15, 2018, Appellant was sentenced as follows: at Count 1 to a period of incarceration of not less than 72 months nor more than 144 months, at Count 2 to a period of incarceration of not less than 60 months nor more than 120 months running concurrently with Count 1, at Count 3 to a period of incarceration of not less than 45 months nor more than 90 months running concurrently with Count 1, and at Count 4 to a period of incarceration of not less than 45 months nor more than 90 months running concurrently with Count 1. Appellant's aggregate sentence is 72 months to 144 months.

---

[1] 18 Pa.C.S.A. §§ 2702(a)(1), 903, 3701(a)(1), 903.

1



Appellant filed a timely notice of appeal on December 10, 2018. In compliance with our 1925(b) Order, Appellant filed a Concise Statement of Errors Complained of on Appeal raising the following allegations of errors:

1. The evidence was insufficient to prove appellant guilty of conspiracy to commit aggravated assault and conspiracy to commit robbery, as there was insufficient evidence to prove that appellant conspired with another party to assault and rob the victim.
2. The evidence was insufficient to prove that appellant committed the crime of robbery, in that the evidence was clear that another, unidentified individual took the victim's property and there was insufficient evidence presented that appellant acted as an accomplice.
3. The evidence was insufficient to prove beyond a reasonable doubt that appellant was guilty of aggravated assault, in that the Commonwealth failed to establish that appellant caused or attempted to cause seriously bodily injury to the victim.[2]

## FACTUAL BACKGROUND

On June 18, 2017, Shirley Dilliplane ("victim/Ms. Dilliplane") remembers waking up in Hershey Medical Center.[3] Ms. Dilliplane was at Alva Bar and Restaurant on 4th Street in Harrisburg. N.T. at 6. She was sitting alone when two gentlemen were trying to "accost" (come on to) her. *Id.* She noticed a gentleman to her right and to her left and she had her purse with her at the time. These gentlemen tried talking to her several times and Ms. Dilliplane described the one gentleman as being 6'2", black, and wearing a hat, a Hawaiian shirt (tan and brown) and had glasses. The other gentleman was a little shorter with a white sweat suit on. N.T. at 7.[4] The victim was also able to identify the Defendant as the individual who was wearing the white sweat suit. N.T. at 11. After several drinks, the victim left Alva's and began walking to the Presbyterian Apartments nearby.[5] The victim went down Market Street to Court Street and remembers being

---

[2] Appellant's concise statement filed January 2, 2019.
[3] Transcript of Proceedings, Jury Trial (Testimony only), September 25-26, 2018, page 6 (hereinafter "N.T. at _____").
[4] The Commonwealth introduced, as Commonwealth's Exhibit 1, a video of the inside of Alva.
[5] The Commonwealth introduced, as Commonwealth's Exhibit 2, a map with the route the victim took.

by a barber shop at the corner of Walnut and Court Street. N.T. at 14. The next thing the victim remembers is waking up at the Hershey Medical Center with multiple facial breaks. N.T. at 15.

There was a group of friends who were walking home when they came upon the victim and a man (later identified as the Defendant) holding the victim. A.L., a 17 year old, testified that he saw a man holding a lady and that the lady was not moving. N.T. at 41. A.L. saw this man slam the victim, punch her, and noticed this man's hand go towards the face of the victim. N.T. at 42. A.L. ran over to help and saw a man wearing a white shirt with shorts and then called for help. N.T. at 44. Although not able to positively identify the Defendant, A.L. did recognize the face a little bit. N.T. at 45. On cross-examination, A.L. testified that it was another guy who picked up the victim's purse and ran off while the guy in the white just stood there. N.T. at 47. A.L.'s friend, D.R., who was 15 years old at the time, also witnessed a man "dropping the girl." N.T. at 51. D.R. testified that it looked like the victim was "falling from air." Id. D.R. went over to the victim and noticed that she was unconscious. N.T. at 52. He noticed that there were two men there, one was standing over the victim and had a white shirt and shorts on. N.T. at 53. This man was trying to grab her stuff. The other man took off running. N.T. at 54.

The Commonwealth introduced several law enforcement individuals who testified to the events on June 18, 2017. William Dorgan, an employee of Paragon Systems, responded to a call from an associate and was the first to arrive on the scene.[6] N.T. at 58-61. Mr. Dorgan took the Defendant into custody while the other male took off running. N.T. at 61. Mr. Dorgan testified that the Defendant was covered in blood and that he recognized the juveniles but never had a problem with them. N.T. at 63-64. Patrol Officer Wesley Feduke, of Harrisburg City Police, also arrived on the scene and noticed that the victim had a flat, bloody lip, was unconscious, was bleeding from

---

[6] Paragon Systems contracts with the Department of Homeland Security to provide security services to government office buildings. Mr. Dorgan was patrolling the Ronald Reagan Federal Office building in downtown Harrisburg.

3

her nose, and that her head was swollen. N.T. at 69. Corporal Brian Henry, patrol supervisor with Harrisburg City Police, also arrived on the scene and stood next to the Defendant. N.T. at 76. The Defendant repeatedly stated that he did not do this but when Corporal Henry asked the Defendant what happened, the Defendant responded that he strangled and dropped the victim. N.T. at 78.

Finally, the Commonwealth introduced the testimony of Officer Nicholas Herbster, a Harrisburg City Police Officer. Officer Herbster arrived on the scene and later interviewed the victim at the hospital. N.T. at 84 Through Officer Herbster, the Commonwealth introduced photographs of the Defendant covered in blood. *See* Commonwealth's Exhibits 3-15. Additionally, the Commonwealth introduced the Defendant's clothes. Commonwealth's Exhibit 16. Photographs of the victim's face after the assault were also introduced. *See* Commonwealth's Exhibits 17 and 18.

## DISCUSSION

When reviewing a sufficiency claim, we employ the following standard of review:

The standard we apply when reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence.

4

*Commonwealth v. Matthews*, 870 A.2d 924, 928 (Pa.Super.2025)(citing *Commonwealth v. Nahavandian*, 849 A.2d 1221, 1229-30(Pa.Super.2004)(citations omitted).

Appellant asserts that the evidence was insufficient to sustain his conviction for criminal conspiracy to commit aggravated assault and aggravated assault. A criminal conspiracy conviction and the elements of aggravated assault requires proof of:

> (1) an intent to commit or aid in an unlawful act, (2) an agreement with a co-conspirator and (3) an overt act in furtherance of the conspiracy. Because it is difficult to prove an explicit or formal agreement to commit an unlawful act, such an act may be proved inferentially by circumstantial evidence, i.e., the relations, conduct or circumstances of the parties or overt acts on the part of the co-conspirators.
>
> *Commonwealth v. Galindes*, 786 A.2d 1004, 1010 (Pa.Super.2001) (quoting *Commonwealth v. Spotz*, 562 Pa. 498, 756 A.2d 1139, 1162 (2000)). Circumstantial evidence can include, but is not limited to, the relationship between the parties, the knowledge of and participation in the crime, and the circumstances and conduct of the parties surrounding the criminal episode. *Commonwealth v. French*, 396 Pa.Super. 436, 578 A.2d 1292, 1294 (1990). "These factors may coalesce to establish a conspiratorial agreement beyond a reasonable doubt where one factor alone might fail." *Id.* Aggravated assault, the crime underlying Appellant's conspiracy conviction, occurs when a person "attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly, or recklessly under circumstances manifesting an extreme indifference to the value of human life." 18 Pa.C.S.A. § 2702(a)(1). Serious bodily injury is defined as: "Bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S.A. § 2301.[7]

The testimony and evidence presented at trial, together with all reasonable inferences derived therefrom, is sufficient to sustain Appellant's convictions of aggravated assault and conspiracy to commit aggravated assault. Here, there was ample testimony provided to show that the victim sustained a serious bodily injury to her face. The victim testified that the Defendant and another male had tried to come after her while she was at the bar. After the victim left the bar, the

---

[7] Quoting *Commonwealth v. Thomas*, 65 A.3d 939, 943-44 (Pa. Super. 2013).

5

Defendant and an unidentified male proceeded to follow the victim.[8] The next thing the victim remembers is waking up at Hershey Medical Center. There was a group of young men who witnessed the assault and tried to help. Two young men witnessed the Appellant dropping the victim and punching her. These juveniles also witnessed an unidentified male run away from the scene with the victim's purse. When local law enforcement arrived, the victim was unconscious and had to be transported to the hospital. The Appellant was apprehended at the scene and was covered in blood while his co-conspirator fled the scene. The evidence suggests that the Appellant and another unidentified male targeted the victim in Alva Bar and Restaurant, followed her out of the bar, assaulted her leaving her badly injured and stole her purse while the victim was walking to a friend's apartment. Accordingly, there was sufficient evidence to establish the elements of aggravated assault and conspiracy to commit aggravated assault and the jury properly returned a guilty verdict.

Appellant also asserts that the evidence was insufficient to sustain a conviction for robbery and conspiracy to commit robbery. Appellant was charged with robbery under 18 Pa.C.S.A. § 3701(a)(1). Under section 3701(a)(1), "a person is guilty of robbery if, in the course of committing a theft, he: inflicts serious bodily injury upon another." We have already set forth the elements of conspiracy above, but we note the factors that our Superior Court has set forth in determining whether a conspiracy exists. Those factors are "(1) an association between alleged conspirators; (2) knowledge of the commission of the crime; (3) presence at the scene of the crime; and (4) in some situations, participation in the object of the conspiracy." *Commonwealth v. Lambert*, 795

---

[8] The victim testified that one of the males at the bar was wearing a white sweat suit. Several witnesses stated that the Defendant, who was taken into custody, was also wearing a white sweat suit. Additionally ,this white sweat suit was introduced as a Commonwealth's exhibit.

6

A.2d 1010, 1016 (Pa. Super. 2002). Additionally, A person is an accomplice of another person in the commission of an offense if:

> (1) with the intent of promoting or facilitating the commission of the offense, he:
>     (i) solicits such other person to commit it; or
>     (ii) aids or agrees or attempts to aid such other person in planning or committing it; or
>
> (2) his conduct is expressly declared by law to establish his complicity.
>
> (d) Culpability of accomplice.—
>
> When causing a particular result is an element of an offense, an accomplice in the conduct causing such result is an accomplice in the commission of that offense, if he acts with the kind of culpability, if any, with respect to that result that is sufficient for the commission of the offense.

18 Pa.C.S. § 306(c)–(d). Accomplice liability "may be established wholly by circumstantial evidence. Only 'the least degree of concert or collusion in the commission of the offense is sufficient to sustain a finding of responsibility as an accomplice.' No agreement is required, only aid." *Commonwealth v. Knox*, 50 A.3d 732, 739 (Pa.Super.2012).

Here, the victim testified that while she was at the bar, with her purse clearly visible, two men tried to "accost" or come onto her. She then proceeded to leave the bar and the next thing she remembers is waking up in the hospital. However, a group of young men were walking by and noticed one male assaulting the victim (later identified as the Appellant) while the other male took the victim's purse and ran away. The jury was able to conclude from the facts presented that these two gentlemen saw the victim at a bar and connived a plan to follow the victim, beat her, and steal her purse. Therefore, the evidence presented at trial is sufficient beyond a reasonable doubt to sustain the conviction of robbery and conspiracy to commit robbery. Appellant acting as principal or accomplice, planned to commit a theft of the victim's personal items, and in the attempt of committing said theft, inflicting serious bodily injury on the victim.

7

Accordingly, this Court is satisfied that ample evidence existed to support the verdicts of the jury beyond a reasonable doubt.

BY THE COURT:

_____
Richard A. Lewis,    President Judge

MEMORANDUM DATE: Feb. 13 , 2019

RECEIVED
OFFICE OF
CLERK OF COURTS
2019 FEB 13 PM 12:36
DAUPHIN COUNTY
PENNA

Distribution: 2/13/19 @ 4:03pm
Ryan Lysaght, Esquire, District Attorney's Office (APPEAL) to
Deanna A. Muller, Esquire, Public Defender's Office Io
Heath Zachary, Defendant mail
Court Administration – Criminal Io
Clerk of Courts file
FILE COPY - Chambers of the Honorable Richard A. Lewis
Superior Court mail

8